# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 20, 2023
Lyle W. Cayce
Clerk

No. 22-60161
Summary Calendar

———————

Chaz D. Pinkston,

*Plaintiff—Appellant*,

*versus*

Management & Training Corporation; Jody Bradley; Gabriel Walker; Bessie McKnight; Tonya Toomey; Terry Daniels; Justin Green; Delando Miles; Karen Brown; Trinity, *Food Service Contractor for W.C.C.F*; Robyn Williams; Delvittia Davis, *Nutritional Supervisor*,

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:18-CV-103

———————

Before Jones, Stewart, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Chaz D. Pinkston, Mississippi prisoner # 148934, filed and was given leave to amend a complaint under 42 U.S.C. § 1983 against dozens of

———

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60161

defendants concerning his treatment as a prisoner in the Wilkinson County Correctional Facility (WCCF). The parties consented to proceed to judgment before a Magistrate Judge (MJ). Over the more than three years in which this matter was litigated, the MJ issued several orders addressing the individual claims. Some of the claims were dismissed either as frivolous or for failing to state a claim on which relief could be granted. Pinkston has not challenged these dismissals. The remaining claims were all dismissed pursuant to motions for summary judgment filed by the defendants. It is these dismissals that Pinkston appeals. We review the grant of summary judgment de novo and apply the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). We note that Pinkston has not briefed and consequently abandoned all issues not expressly discussed below. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

The MJ granted summary judgment in favor of the defendants on Pinkston's claims of conditions of confinement, including being given inadequate food and being housed in a cell that was not clean, because he failed to exhaust his administrative remedies for these claims. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Exhaustion is an affirmative defense, and defendants must establish "beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The exhaustion requirement is not excused if the prisoner's grievances are rejected for noncompliance with procedural rules; if an inmate disregards the rules, he does not properly exhaust his claims. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). On appeal, Pinkston has not shown that his claims concerning the conditions of his confinement were exhausted or that the district court erred by dismissing them without prejudice. *See Dillon*, 596 F.3d at 266; *Johnson*, 385 F.3d at 522.

No. 22-60161

Pinkston also challenges the dismissal with prejudice on summary judgment of his claims of the excessive use of force, the denial of visitation rights, and the denial of his First Amendment right to practice his religion. The standard of review is the same as discussed above. *See Nickell*, 636 F.3d at 754. To support summary judgment, the moving party must demonstrate the absence of a genuine issue of material fact. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). All facts and reasonable inferences must be construed in the light most favorable to the nonmovant, and the court must not weigh evidence or make credibility calls. *Deville v. Marcantel*, 567 F.3d 156, 163-64 (5th Cir. 2009).

In the context of claims of excessive force, the Supreme Court has held that the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). For visitation rights, the court has held that "prisoners have no absolute constitutional right to visitation," but "[e]ven so, limitations of visitation may be imposed only if they are necessary to meet legitimate penological objectives." *Lynott v. Henderson*, 610 F.2d 340, 342-43 (5th Cir. 1980). As to Pinkston's religious practice claim, "inmates retain their First Amendment right to exercise religion; however, this right is subject to reasonable restrictions and limitations necessitated by penological goals." *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (footnotes omitted). A restriction "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). To challenge the MJ's grant of summary judgment on these claims, Pinkston has produced nothing but conclusory allegations and unsubstantiated assertions. This is not sufficient to show that the MJ erred in granting summary judgment. *See Duffie*, 600 F.3d at 371.

Pinkston argues that the MJ erred in denying his requests for appointment of counsel. We will not overturn a decision regarding

No. 22-60161

appointment of counsel unless the appellant shows a "clear abuse of discretion." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). As is apparent from the extensive pleadings in this case, Pinkston was more than able to conduct this litigation, and his case did not present extraordinary circumstances warranting appointed counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Accordingly, the judgment is AFFIRMED.

In his brief on appeal, Pinkston seeks default judgments against several defendants for failing to enter appearances in this proceeding. He has also filed 14 motions for default judgment for the same reason. Default judgments are not appropriate or authorized in appellate practice. Accordingly, the motions are DENIED.